YADKIN RIVER POWER COMPANY v. THE WHITNEY
COMPANY.*

(Filed 22 December, 1908.)

1. Legislative Powers—Charters—Alterations and Amendments—
   Constitutional Law.

   All charters obtained by legislative enactment are subject to
   the provisions of Article VIII, sec. 1, of the Constitution, and
   "may be altered from time to time or repealed."

2. Corporations—Electric Companies—Water Powers—Public Pol-
   icy—Charters—Re-enacting Statutes.

   Plaintiff, an electric company, obtained a charter by chapter
   236, Private Laws 1897, whereby it was given the right of eminent
   domain to acquire water powers against the will of the owner.
   The corporation was not organized within five years, as required
   by its charter. Chapter 74, Public Laws 1907, declares that elec-
   tric companies cannot use such right; and thereafter, at the same
   session, by private act, the Legislature granted plaintiff three
   years in which to organize, and provided that, as amended,

---

*HOKE, J., took no part in the decision of this case.

chapter 236, Private Laws 1897, "is hereby re-enacted": *Held,*
(1) that the public policy, as declared in the general law, was not
repealed in its application to the plaintiff's charter by the private
law subsequently passed at the same session; (2) the private act
of 1907 must be taken as re-enacting the plaintiff's charter in the
same plight, status and condition as it stood at the time the
re-enacting statute was passed.

ACTION from MONTGOMERY, heard at chambers, before *Coun-
cill, J.,* holding the Spring Terms, 1908, of the Tenth Judicial
District.

*Guthrie & Guthrie* for plaintiff.
*Burton Craige, Adams, Jerome & Armfield* and *W. A. Way*
for defendant.

CLARK, C. J. Special proceeding to condemn a natural water
power for the purpose of erecting a plant thereon. The defend-
ant had already become by purchase the owner of the power for
the identical purpose, and had begun, two years before, the con-
struction of an immense water power plant.

The plaintiff noted numerous exceptions, but it is unnecessary
to consider them if it did not possess the right of eminent do-
main. It claims to have acquired that right by virtue of its
charter (chapter 236, Laws 1897). But such right was taken
from it by chapter 74, Laws 1907, amending Revisal, sec. 1573,
which provides that water powers, whether developed or unde-
veloped, shall not be condemned by electric companies, and that
"any provisions in any special charter heretofore granted in
respect to the exercise of the right of eminent domain which are
in conflict with the general law, as herein amended, is repealed."

The Constitution, Art. VIII, sec. 1, provides that "all general
laws and special acts" creating or authorizing the creation of
any corporation "may be altered from time to time or repealed."
The plaintiff took its charter subject to the power reserved in
this section to amend or repeal it. *Griffin v. Water Co.,* 122
N. C., 210; *Debnam v. Telephone Co.,* 126 N. C., 843; *Coleman
v. Railroad,* 138 N. C., 354.

The plaintiff's charter (chapter 236, Laws 1897) required it
to begin the construction of its plant within five years from the

POWER CO. *v.* WHITNEY CO.

ratification of that act. It did not do so. Chapter 179, Private Laws 1907, struck out that provision and inserted in lieu thereof the words "within three years from and after 1 April, 1907," and provided that, "as amended," chapter 236, Laws 1897, "is hereby re-enacted."

The general public policy of the State was declared by the public statute (chapter 74, Laws 1907), which deprived all electric companies of the power to condemn water powers. The private act (chapter 179, Private Laws 1907), enacted subsequently, does not change the public policy (just declared) at the same session by chapter 74, Public Laws 1907 (that electric companies cannot use the right of eminent domain to acquire water powers against the will of the owner), but must be taken as re-enacting the plaintiff's charter, in the same plight, status and condition as it stood at the time the re-enacting statute was passed; that is, the charter of 1897 had just been amended by the general statute, which struck out the provision in any and all charters which had conferred the right of eminent domain on any such company; and Private Laws 1907, ch. 179, re-enacted the plaintiff's charter, as thus regulated, by adding an amendment, giving three years from 1 April, 1907, in which the plaintiff might begin work, in lieu of the five years allowed from the ratification of the original act of 1897.

There is nothing to indicate any intention to change the status of the plaintiff's charter as it stood at the passage of the re-enacting statute. There is no reason or suggestion upon the face of the re-enacting statute, or *aliunde,* or in the nature of its charter or purposes, that this corporation was intended to be exempted from the public policy declared by chapter 74, Laws 1907, that such corporations should not exercise the right of eminent domain to acquire natural water powers, *in invitum.*

In *Denver Co. v. Alling,* 99 U. S., 480, it was held that the plaintiff accepted the re-enacting statute as renewing the charter in the status in which it was at the time of the renewal, with such changes only as were specifically made in the re-enacting statute. Especially is this true as to the grant of the right of eminent domain, a grant which must always clearly appear. 1 Lewis Em. Dom., sec. 254; 15 Cyc., 567.

150—3

The excellent brief of the defendant presents the following seven reasons why the plaintiff's prayer for condemnation should not be granted, and in support of the action of the court below in denying it:

"1. The right to condemn water powers is taken away by Public Laws 1907, ch. 74, and the land sought to be condemned is a natural water power. (Finding of fact No. 9.)

"2. The plaintiff has never paid any franchise tax, as required by Public Laws 1907, ch. 256, sec. 83, and former statutes, and its charter was thereby repealed. (Finding 10.)

"3. The plaintiff did not begin the construction of its plant within five years, as required by its charter. (Finding 3.)

"4. The long delay of the plaintiff, from 1899 to 1907, after filing its borrowed map, before taking any steps to acquire the land, was unreasonable and inconsistent with the idea that the filing of the map was in good faith. (Finding 13.)

"5. The land sought to be condemned had already been appropriated by the defendant before the filing of the petition and defendant had spent over three million dollars on the construction of its dam and canal. (Finding 14.)

"6. The construction of the dam and canal, as proposed by the plaintiff, would destroy and render worthless the defendant's dam. (Findings 15, 21 and 22.)

"7. The property sought to be condemned is necessary to the completion of the defendant's plant. (Finding 16.)"

All seven of these grounds are supported by the findings of fact; but as the first is, in our opinion, conclusive against the plaintiff's claim, the others need not be discussed. The plaintiff has no meritorious grounds in any aspect. It has expended no money, has erected no plant, has delayed beyond the time given in its charter to begin, while the defendant purchased the property, has expended very large sums in its development and has been at work for two years.

Affirmed.